THE CITY OF ROCHESTER, PLAINTIFF, *v.* WILLIAM I. QUINTARD, DEFENDANT.

*Municipal bonds for the water supply of a city of over one hundred thousand inhabitants, having a term longer than twenty years — construction of article 8, section 11 of the State Constitution relating to the debt of cities and its limitation.*

It is provided by section 11 of article 8 of the Constitution of New York that a city containing over one hundred thousand inhabitants shall not be allowed to become indebted to an amount which, including existing indebtedness, shall exceed ten per cent of the assessed valuation of its real estate; and that an indebtedness in excess of this limitation shall be void. An exception is made in the case of bonds issued to provide for a supply of water, but the term of such bonds is limited to twenty years, and a sinking fund must be created for their redemption. ·

The city of Rochester, having a population of over one hundred thousand inhabitants, issued, under chapter 358 of the Laws of 1892, water bonds to the amount of $1,000,000, running for a term of fifty years, which, added to its existing debt, amounted to less than ten per cent of the assessed valuation of its real estate.

A purchaser of such bonds refused to accept the bonds and complete his purchase because their term was longer than twenty years.

Upon a submission of the matter, it was

*Held,* that the bonds were valid.

That the restriction of the term of the water bonds to twenty years applied only to the case of a city with a population of over one hundred thousand inhabitants, whose indebtedness, including the proposed water bonds, would exceed ten per cent of the assessed valuation of its real estate.

The constitutional provisions relative to limiting the debt of cities, reviewed.

SUBMISSION of a controversy between the City of Rochester, as plaintiff, and William I. Quintard, as defendant, without action upon an agreed statement of facts, under section 1279 of the Code of Civil Procedure.

The city of Rochester is a municipal corporation organized under an act passed April 28, 1834. Its population in 1890 was 134,896. The assessed valuation of its real estate in 1892 was $96,543,650. Its total debt on September 1, 1892, was $6,234,000. It was authorized, by chapter 358 of the Laws of 1892, to issue water bonds to the amount of $1,750,000. On September 13, 1892, such bonds, to the amount of $1,000,000, were offered for sale and Quintard was awarded 300 bonds at the price of $305,250, which the city is ready to deliver, but which Quintard declined to pay for and accept. There was no question in the case of a tender or of a demand of payment by the city.

*C. D. Keihel*, for the plaintiff.

*Clark & Sedgwick*, for the defendant.

DWIGHT, P. J.:

The only question involved in the controversy is that of the constitutionality of an act of the legislature of this State, passed April 20, 1892, which purports to authorize the city of Rochester to issue bonds to pay for an additional supply of water. (Laws of 1892, chap. 358.) The maximum amount of the bonds to be issued was fixed by the act at $1,750,000, and the maximum period for which they should run at fifty years.

Pursuant to the provisions of this act bonds were issued to the amount of $1,000,000 par value, which, by their terms, were to become due in fifty years, and were redeemable at any time after twenty years from their date.

At a sale, under the provisions of the act, of the bonds so issued, the defendant became the purchaser of bonds of the par value of $300,000, at the price of $305,250. Subsequently he declined to receive and pay for the bonds so purchased by him on the ground alleged, that the act of the legislature under which they were issued was unconstitutional and void; and this submission was entered into to determine the question of his liability to complete his purchase by receiving such bonds, and paying the price bid by him therefor.

The objection specified by the defendant relates solely to the period which, by the act in question, was fixed for the running of the bonds; and in that respect it is contended, in his behalf, that the act is in violation of section 11 of article 8 of the Constitution. That section is, in full, as follows:

"§ 11. No county, city, town or village shall hereafter give any money or property, or loan its money or credit, to or in aid of any individual, association or corporation, or become directly or indirectly the owner of stock in or bonds of any association or corporation; nor shall any such county, city, town or village be allowed to incur any indebtedness except for county, city, town or village purposes. This section shall not prevent such county, city, town or village from making such provision for the aid or support of its poor, as may be authorized by law. No county containing a city of over one hundred thousand inhabitants, or any such city, shall be allowed

to become indebted, for any purpose or in any manner, to an amount which, including existing indebtedness, shall exceed ten per centum of the assessed valuation of the real estate of such county or city subject to taxation, as it appeared by the assessment-rolls of said county or city on the last assessment for State or county taxes prior to the incurring of such indebtedness ; and all indebtedness in excess of such limitation, except such as may now exist, shall be absolutely void, except as herein otherwise provided. No such county or such city whose present indebtedness exceeds ten per centum of the assessed valuation of its real estate subject to taxation, shall be allowed to become indebted in any further amount until such indebtedness shall be reduced within such limit. This section shall not be construed to prevent the issuing of certificates of indebtedness or revenue bonds issued in anticipation of the collection of taxes for amounts actually contained, or to be contained in the taxes for the year when such certificates or revenue bonds are issued and payable out of such taxes   Nor shall this section be construed to prevent the issue of bonds to provide for the supply of water, but the term of the bonds issued to provide for the supply of water shall not exceed twenty years, and a sinking fund shall be created on the issuing of the said bonds, for their redemption, by raising annually a sum which will produce an amount equal to the sum of the principal and interest of said bonds at their maturity. The amount hereafter to be raised by tax for county or city purposes, in any· county containing a city of over one hundred thousand inhabitants, or any such city of this State, in addition to providing for the principal and interest of existing debt, shall not, in the aggregate, exceed in any one year two per centum of the assessed valuation of the real and personal estate of such county or city, to be ascertained as prescribed in this section in respect to county or city debt."

It will be seen that by the terms of this section no restriction whatever is laid upon any city in respect to the amount of indebtedness to be incurred by it for city purposes, except upon cities having each a population in excess of one hundred thousand inhabitants, and that even this restriction is subject to an exception in favor of the issue of bonds to provide for a supply of water. The restriction is that no city of more than one hundred thousand inhabitants shall incur an indebtedness to an amount exceeding ten per centum of

the assessed valuation of its real estate, and that all indebtedness in excess of such limitation shall be void, " except as herein otherwise provided." An exception is thereafter provided to the restriction thus imposed, in favor of the issue of bonds for the expense of procuring a water supply for such city and its inhabitants, and to this exception is attached the proviso that the term of the bonds so issued shall not exceed twenty years. It is plain that the exception cannot be wider in its application than the restriction itself, nor the proviso wider than the exception to which it is attached.

It was unnecessary to provide an exception in favor of a water supply for the case of cities of less than one hundred thousand inhabitants, because no restriction was laid upon such cities in respect to any indebtedness for municipal purposes; and equally unnecessary to provide an exception in behalf of cities of more than one hundred thousand inhabitants, except in case where the total indebtedness of such city, including that to be incurred for the purpose mentioned, would exceed the limit prescribed.

This construction of the constitutional provision in question, taken as a whole, gains support from a consideration of the history of the successive enactment of its several parts. By the Constitution of 1846 (art. 8, § 9), it was made the duty of the legislature to restrict the power of cities in respect to borrowing money, contracting debts and loaning their credit, but no limit was set to such power by the Constitution itself. A brief section, numbered 11, was added to article 8 by the amendment of 1874. It consisted of the first two sentences of the present section 11 and forbade any city to loan its money or credit to any individual association or corporation or to incur any indebtedness, except for city purposes. All the remainder of section 11 was added by the amendment of 1884, and it contains the only provisions of our present Constitution in respect to the amount of debt to be incurred by any of the cities of the State. Its restrictions, as we have seen, apply to cities of more than a specified population ; it provides an exception to those restrictions in the case of a debt to be incurred for a specified purpose, and it prescribes the term of the bonds which may be issued in the exceptional case provided for.

If these views embody the correct construction of the constitutional provisions which we have been considering, then the city of

Rochester, although (by reason of its population) subject to the restriction imposed by the amendment of 1884, is not required to avail itself of the exception thereto, for the reason that its total indebtedness, with the addition of the bonds in question, does not reach the limit of the restriction, and, therefore, the proviso in respect to the term of the bonds to be issued has no application to this case.

We thus reach the conclusion that the act of the legislature, under which the bonds in question were issued, is not violative of any provision of the Constitution, but is valid ; and that the contract of the defendant to purchase bonds issued under its provision is binding upon him.

Judgment should be directed for the plaintiff on the submission, with costs.

MACOMBER and LEWIS, JJ., concurred.

Judgment ordered for the plaintiff on the submission.